UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINERVA GARZA,<br><br>           Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>           Defendant. | No. 1:22–cv–00207-DAD-GSA<br><br>AMENDED SCHEDULING ORDER |

The previously issued scheduling order in this matter, if any, is amended and replaced with the below, and the Court directs the parties' attention specifically to three amendments: 1) setting a date certain for the electronic filing of the certified administrative record[1] (paragraph two); 2) granting the parties each an automatic briefing extension of 28-days (paragraph six); and 3) directing that all other extension requests be made by motion, with no accompanying stipulation or proposed order submitted to chambers (paragraph ten).

---

[1] Previous versions of the scheduling order in recently unstayed cases may have set no deadline for the filing of the administrative record, may have set a deadline of 90 days from e-service of the complaint, or may have set a 90-day deadline running from the day of the scheduling order's issuance, though it was not necessarily issued on April 1 in each case. To avoid any confusion, the amended scheduling order herein sets a date certain of June 30, 2022 for the electronic filing of the certified administrative record, which is 90 days from April 1, the day the stay expired pursuant to General Order 644.

1

Plaintiff seeks judicial review of an administrative decision of the Commissioner of Social Security denying plaintiff's claim for disability benefits under the Social Security Act. This case is before the undersigned pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) and Local Rule 302(c)(15).

Should the parties wish to consent to the jurisdiction of the Magistrate Judge for all purposes, including entry of final judgment, they may do so using the "Consent to Assignment or Request for Reassignment" form. See 28 U.S.C. § 636(c). There is no obligation to consent, and the judges will not be notified of a party's designation unless all parties have consented. See Fed. R. Civ. P. 73(b)(1). If any party requests reassignment to a United States District Judge, the Clerk of the Court will assign a random District Judge as presiding judge, with the Magistrate Judge continuing for those purposes anticipated by the Local Rules. <u>Accordingly, within 90 days, all parties shall complete and return the Consent to Assignment or Request for Reassignment form.</u>

Good cause appearing and pursuant to Fed. R. Civ. P. 16, the Court ORDERS:

1. In an action for judicial review filed by a single plaintiff solely against the Commissioner of Social Security Administration (defendant) that raise claims pursuant to 42 U.S.C. § 405(g) only, service on the defendant shall proceed under the Court's E-Service program as follows. Once a summons is issued, the Clerk of Court shall deliver to the Commissioner of Social Security Administration and the United States Attorney's Office at their designated email addresses a notice of electronic filing of the action along with the summons and complaint. The Commissioner has agreed not to raise a defense of insufficient service of process if provided with notice of a complaint as detailed in this order. This order is not intended to prevent parties from making any other motions that are appropriate under the Federal Rules of Civil Procedure.

2. **On or before June 30, 2022** defendant shall file a copy of the administrative record, the filing of which shall be deemed an answer to the complaint.

3. **Within 45 days after service of the administrative record**, the plaintiff shall file the motion for summary judgment.

4. **Within 45 days after service of plaintiff's motion for summary judgment**, the defendant shall file the responsive brief.

5. **Within 15 days after filing of defendant's responsive brief**, the plaintiff shall

file the optional reply brief.

6. **Each party is entitled to 1 briefing extension of up to 28 days** without consent of the opposing party and without leave of court.  The party availing themselves of the extension shall file with the court a Notice of Briefing Extension indicating the original deadline and the new deadline.  All other deadlines will automatically adjust accordingly.

7. In those cases where a Fed. R. Civ. P. 12 motion to dismiss is warranted, the defendant shall file a motion to dismiss in lieu of filing the administrative record. The motion to dismiss shall be filed within 90 days of service of the complaint. The opposing brief shall be filed within 14 days after service of the motion. The reply brief shall be filed within 7 days after service of the opposition brief. The motion to dismiss shall NOT be noticed for hearing.

8. All references to the record and all assertion of fact must be accompanied by citations to the record. The opening and responsive brief shall contain the following:

    (a) A description of the plaintiff's alleged physical or mental impairments, including when the plaintiff contends the impairments became disabling, and how these impairments disable the plaintiff from work;

    (b) A summary of all relevant medical evidence.

    (c) A summary of the relevant testimony at the administrative hearing;

    (d) A recitation of the defendant's relevant findings and conclusions.

    (e) A short, separate statement of each of the plaintiff's legal claims stated in terms of the insufficiency of the evidence to support findings of fact or reliance upon an erroneous legal standard; and

    (f) Argument separately addressing each claimed error. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. Briefs that do not substantially comply with these requirements will be stricken.

9. Motions for attorney fees shall be filed within 30 days of final judgment entry.

10. Except as set forth in paragraph six (6) above, requests for modification of this briefing schedule will not routinely be granted, and any such request must be made <u>by written</u>

<u>motion only</u>, indicating whether the motion is opposed and explaining good cause for the request. The parties shall <u>not</u> submit proposed orders on extensions to chambers. A request for a modification brought on the filing deadline will be looked upon with disfavor. Local Rule 144(d).

   11. Violations of this order or of the federal rules of procedure or the Local Rules may result in sanctions pursuant to Local Rule 110.

Dated: **April 18, 2022**       **/s/ Gary S. Austin**
                   UNITED STATES MAGISTRATE JUDGE